IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NHI-2, LLC, an Illinois limited liability Company, d/b/a TRAVELLIANCE, | ) ) ) | |
| Plaintiff, | ) ) | No. 15 C 7913 |
| v. | ) ) | Judge Jorge L. Alonso |
| WRIGHT PROPERTY MANAGEMENT, INC., a Kentucky corporation, and WELLINGTON E, LLC, a Kentucky limited liability company, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff sues defendants for breach of contract. The case is before the Court on defendants' Federal Rule of Civil Procedure ("Rule") 12(b)(3) motion to dismiss for improper venue. For the reasons set forth below, the Court denies the motion.

**Facts**

Plaintiff, which provides transportation administration services to airlines throughout the country, is an Illinois limited liability company with its principal place of business in Arlington Heights, Illinois. (2d Am. Compl. ¶ 1.) Defendant Wright Property Management, Inc. ("Wright") is a Kentucky corporation with its principal place of business in Lexington, Kentucky. (*Id.* ¶ 2.) Defendant Wellington E, LLC is a Kentucky limited liability company with its principal place of business in Lexington, Kentucky. (*Id.* ¶ 3.)

On August 17, 2014, plaintiff, on behalf of Air Wisconsin, and Wright, on behalf of The Homewood Suites Hotel in Lexington, Kentucky ("Hotel"), entered into a contract for Wright to provide hotel rooms for Air Wisconsin crews at a $59.00 per night from August 17, 2014 through August 16, 2017. (*Id.* ¶ 13; *see* 2d Am. Compl. Ex. 1, Contract.) The contract required plaintiff to notify the Hotel of crew room needs each month, which it did by preparing "Month at a Glance" ("MAAG") reports, through its Arizona-based agent, TLX. (*Id.* ¶ 15.)

On July 31, 2015, the Hotel told plaintiff that the Hotel's ownership and management had changed and, as a result, it no longer considered the contract with plaintiff to be valid and enforceable. (*Id.* ¶ 17.) Nonetheless, the Hotel continued to provide rooms to Air Wisconsin crews at the contractually-agreed rate. (*Id.*)

On August 11, 2015, plaintiff sent a letter to Wright and the Hotel's new management company, Commonwealth Hotels, LLC, saying that plaintiff had been unable to confirm that there had been a change in the Hotel's ownership and considered the contract to be binding and enforceable. (*Id.* ¶ 18.)

On August 21, 2015, Wellington E sent a letter to plaintiff stating that Wellington E was still the Hotel's owner; it had terminated the property management agreement with Wright on May 1, 2015; it had not authorized Wright to execute the contract with plaintiff, which Wellington E viewed as unconscionable and invalid; and the Hotel's new management company, Commonwealth Hotels, was willing to negotiate a fair agreement with plaintiff. (*Id.* ¶ 20.)

On September 1, 2015, the Hotel told plaintiff that it would not give rooms to Air Wisconsin crews because the contract was unenforceable and the Hotel had not received from plaintiff the contractually-required MAAG report for September. (*Id.* ¶ 22.) After several phone calls between

the parties that day, the Hotel said it would provide a block of rooms for Air Wisconsin crews. (*Id.* ¶ 23.) By the time it did so, however, plaintiff had already made other, more costly, arrangements. (*Id.*) Plaintiff then asked the Hotel, via email, whether it would honor the contract. (*Id.* ¶ 24.)

On September 2, 2015, the Hotel told plaintiff that it still believed the contract was unenforceable but it would, nonetheless, "block 6 rooms per night through Labor Day" for plaintiff. (*Id.* ¶ 25.) The next day, plaintiff told the Hotel that it had moved the crews to another hotel. (*Id.* ¶ 26.) Later the same day, the Hotel told plaintiff that it would honor that contract through the end of September but did not commit to honoring it in its entirety. (*Id.* ¶ 27.)

On September 4, 2015, plaintiff told the Hotel that it considered the Hotel to have repudiated the contract and asked it to state unequivocally that it would honor the contract. (*Id.* ¶ 28.) Plaintiff received no response to that letter. (*Id.* ¶ 29.) This suit followed.

## Discussion

As relevant here, venue for a civil suit is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). "Substantiality" is "determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432-33 (2d Cir. 2005). "When material acts or omissions within the forum bear a close nexus to the claims, they are properly deemed . . . substantial, but when a close nexus is lacking, so too is the substantiality necessary to support venue." *Id.* "Plaintiff has the burden of establishing proper venue." *Grantham v. Challenge-Cook Bros.*, 420 F.2d 1182, 1184 (7th Cir. 1969).

Plaintiff alleges that defendants breached the contract by refusing to provide hotel rooms to Air Wisconsin crews. To prevail on this claim, plaintiff must prove: "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resultant injury to the plaintiff." *Gonzalzles v. Am. Exp. Credit Corp.*, 733 N.E.2d 345, 351 (2000). As to these elements, the record shows that: (1) defendant executed the contract in Kentucky, and plaintiff executed it in Illinois; (2) plaintiff performed its contractual duties in Illinois and Arizona; (3) defendant allegedly breached the contract in Kentucky; and (4) plaintiff was damaged in Illinois. (*See* Pl.'s Am. Resp. Mot. Dismiss, Ex. 1, Scislowski Aff. ¶¶ 4, 5, 7, 9, 11-13; Defs.' Mem. Supp. Mot. Dismiss, Ex. A, Wright Aff. ¶¶ 2-3, 9.) In short, the record shows that a substantial part of the events giving rise to plaintiff's claim occurred both in Kentucky and in Illinois. *See TruServ Corp. v. Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998) (stating that "a 'substantial part' of the events can occur in more than one place, and thus, venue can be proper in more than one district"). Because Illinois is a proper venue for this suit, the Court denies defendants' motion.

## Conclusion

For the reasons set forth above, the Court denies defendants' motion to dismiss [13] for improper venue. Status hearing set for 1/19/16 at 9:30 a.m.

**SO ORDERED.**　　　　　　　　　　　**ENTERED: January 4, 2016**

_____
**HON. JORGE ALONSO**
**United States District Judge**