UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NHI-2, LLC, an Illinois limited liability Company d/b/a TRAVELLIANCE, ) ) ) | |
| Plaintiff, ) | Case No. 15 C 7913 |
| v. ) ) | Honorable Judge Jorge L. Alonso |
| WRIGHT PROPERTY MANAGEMENT, INC. ) a Kentucky corporation, and ) WELLINGTON E, LLC, a Kentucky limited ) liability company, ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

In this diversity case, defendants Wright Property Management, Inc. ("Wright") and Wellington E, LLC ("Wellington") (collectively "defendants"), have filed a motion for summary judgment asserting that plaintiff NHI-2, LLC ("NHI-2") lacks standing and that the contract at issue is not valid. For the following reasons, defendants' motion for summary judgment is granted.

## BACKGROUND

This lawsuit arises from a contract dispute. On or about August 17, 2014, defendants entered into an agreement with "Travelliance, Inc." regarding layover services for airline employees. (Defs' LR 56.1 Stmt. ¶¶ 1, 17, ECF No. 48-2; Sec. Amend. Compl., Ex. 1, ECF No. 6-1.) In 2015, relations between the parties soured and plaintiff brought this breach of contract suit.

The agreement at issue lists "Travelliance, Inc.," a corporation, as a party to the agreement. (Sec. Amend. Compl., Ex. 1, Contract, ECF No. 6-1.) It includes a parenthetical stating that the abbreviated name for "Travelliance, Inc." is "[h]ereinafter called Travelliance." (*Id.*) When the agreement was executed in 2014, "Travelliance, Inc.," was the assumed name of Nationwide Hospitality, Inc., a corporation. (Defs' LR 56.1 Stmt. ¶ 8, ECF no. 48-2, Ex. 2, Certified Public Records of Assumed Name of Nationwide Hospitality, Inc., ECF No. 48-4; Defs' Reply, Nationwide Hospitality, Inc.'s Application to Adopt, Change or Cancel an Assumed Corporate Name, ECF No. 58-1.)

Plaintiff NHI-2, LLC is a limited liability company. (Defs' LR 56.1 Stmt. ¶ 2.) It has registered to conduct business under the names "Travelliance Chicago" and "Travelliance" but has not registered to conduct business under the assumed name "Travelliance, Inc." (*Id.* ¶¶ 4, 5.) Plaintiff and Nationwide Hospitality, Inc. are separate entities. (*Id.* ¶ 9.)

## STANDARD

To prevail on a summary judgment motion, "the movant [must] show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this point, the court may not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court must view the evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000)[1]. "Summary judgment should be denied if the dispute is 'genuine': 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Talanda v. KFC Nat'l Mgmt. Co.*, 140

---

[1] Although the parties entered into an extensive discussion as to the substantive law that governs this dispute, there is no substantial difference between Illinois law and Kentucky law regarding either the standing analysis or parole evidence rule. Thus, this Court will cite Illinois law for the purposes of this opinion.

F.3d 1090, 1095 (7th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014). The court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *Modrowski v. Pigatto*, 712 F.3d 1166, 1167 (7th Cir. 2013).

## DISCUSSION

Defendants contend that they are entitled to summary judgment because plaintiff is not a party to the contract it is seeking to enforce and thus lacks standing. Defendants further contend that, even if plaintiff has standing, the contract is not valid. Plaintiff responds that it is a party to the agreement because it has done business as "Travelliance" for several years and that defendant Wright knew that it was negotiating with plaintiff when it entered into the agreement. Plaintiff further says that the contract is valid and enforceable.

**I.     Standing**

The United States Constitution in Article III, § 1 states that federal jurisdiction shall only extend to a case or controversy. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). A fundamental aspect of the case or controversy requirement is the doctrine of standing. *Id.* at 560. The standing requirement "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016). For a plaintiff to establish standing, it must meet the three elements that make up the constitutional minimum. *Id.* These require that the plaintiff have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* The party seeking federal jurisdiction has the burden of establishing that it meets the constitutional standing requirements. *Lujan*, 504 U.S. at

561. If the court finds that the plaintiff does not have standing to raise their claims, then the court cannot consider the merits of the claims. *Meyers v. Nicolet Restaurant of De Pere, LLC*, 843 F.3d 724, 726 (7th Cir. 2016).

### A. Injury-in-Fact

To meet the first requirement of standing, injury-in-fact, plaintiff must show an actual or impending injury, regardless of how small that injury may be. *Bauer v. Shepard*, 620 F.3d 704, 708 (7th Cir. 2010). Here, plaintiff claims that it suffered monetary damages as a result of defendants' breach of contract. When applying Illinois law, a plaintiff asserting a breach of contract claim must allege four elements, "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *W.W. Vincent and Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. Ct. 2004). A valid and enforceable contract imposes duties on the parties to the contract per its terms. *Id.* Thus, the only parties that may bring a breach of contract claim under a contract are those that have signed the contract at issue. *Id.*

The parties to the contract at issue are listed as "TRAVELLIANCE, INC., A corporation in good standing with the State of Illinois" and "DOUG WRIGHT PROPERTY MANAGEMENT LLC, an LLC in good standing with the State of Kentucky d/b/a HOMEWOOD SUITES BY HILTON[2]." (ECF No. 6-1, p. 1.) The Illinois Secretary of State records indicate that "Travelliance, Inc." is the assumed name of Nationwide Hospitality, Inc. The records also show that the assumed name of plaintiff is "Travelliance."

---

[2] Plaintiff alleges that "Wright Property Management represented to Travelliance at the time it executed the contract that it was a limited liability company called Doug Wright Property Management, LLC" and that it "was both the ownership and management group for the Homewood Suites Hotel in Lexington, Kentucky and that the hotel was a d/b/a for Wright Property Management." (*See* Sec. Amend. Compl., ¶¶ 9-10, ECF No. 6.) The parties do not dispute defendants' names and/or standing.

4

"Travelliance, Inc." and "Travelliance" are not the same entity. One is a corporation and the other is a limited liability company. Under the plain terms of the contract, the party to the contract is the corporation Nationwide Hospitality, Inc. with the assumed name of Travelliance, Inc., not NHI-2, LLC.

Plaintiff maintains that it has standing because "Travelliance" is its assumed name, and the name "Travelliance" appears throughout the agreement. (ECF No. 56, p. 2.) However, plaintiff overlooks the fact that when the contract refers to "Travelliance" throughout the agreement, it is doing so because it is the abbreviated name given to "Travelliance, Inc." in the contract.

Plaintiff further argues that it is the proper party to the agreement because Nationwide Hospitality, Inc. transferred its assets, including the assumed name of "Travelliance, Inc.," to NHI-2, LLC in 2012. (Pl's Response, ECF No. 55, p. 5; Affidavit of Thaddeus Scislowski, ECF No. 56-2.) Plaintiff also says that defendant Wright knew that he was negotiating with NHI-2, LLC. (*Id.*; Affidavit of Heather Bouley, ECF No. 56-4.) Defendants argue that the Court should not consider this evidence because Scislowski's affidavit conflicts with plaintiff's discovery responses and Bouley's affidavit is disingenuous, lacks foundation and contains inadmissible hearsay.

Scislowski states in his affidavit that Nationwide Hospitality, Inc. registered "Travelliance, Inc." as its assumed name in 2012. (*See* Scislowski Affidavit ¶ 7, ECF No. 56-2.) He further states that Nationwide Hospitality, Inc. transferred its assets, including assumed names, to plaintiff in February 2012. (*Id.* ¶ 14.) However, plaintiff did not previously provide this information to defendants. During discovery, defendants issued interrogatories to plaintiff and asked it to identify "all written or oral contracts, including any assignments, that relate to the

claims or defenses in this case…" (*See* Defs' Reply, ECF No. 58, p. 5; Ex. 6, NHI2's Response and Answer to Wright Property Management's First Set of Interrogatories, ECF No. 58-1, p. 28.) Plaintiff, through Scislowski, identified two contracts: the agreement at issue as well as an assignment of rights and damages by Air Wisconsin to plaintiff, dated May 31, 2016. (*Id.*) Scislowski did not state that Nationwide Hospitality had transferred the assumed name of "Travelliance, Inc." or its assets to plaintiff. Because the statements in Scislowski's affidavit, created for the purpose of opposing summary judgment, are inconsistent with plaintiff's previous answers to defendants' interrogatories, the Court will not consider them. *See Kalis v. Colgate-Palmolive, Co.*, 231 F.3d 1049, 1055 (7th Cir. 2000) ("[a]s a general rule, the law of this circuit does not permit a party to create an issue of fact by submitting an affidavit whose conclusions contradict prior deposition or other sworn testimony."). Even so, Scislowski's affidavit does not explain how plaintiff has standing to sue on the contract.

Heather Bouley's affidavit also does not help plaintiff's position either. Affidavits in support of a motion for summary judgment must be made on personal knowledge and set forth facts that would be admissible in evidence. Fed. R. Civ. P. 56(c)(4); *see also Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("a court may consider only admissible evidence in assessing a motion for summary judgment"). Bouley attests only that Wright Property Management, Inc. was informed that she was negotiating on behalf of NHI-2, LLC. (*See* Bouley Affidavit ¶ 9, ECF No. 56-4.) However, she does not state *who* informed Wright Property Management, Inc. of this information, and Bouley cannot testify about what other people knew or expected. Bouley also states that her email address has a Travelliance domain name. (*Id.* ¶ 5.) While this may be true, Bouley fails to acknowledge the full domain name of her email address, which is travellianceinc,

and in any event would have no bearing on the contract at issue. (*See* Defs' Response, Ex. 2, p. 10, ECF No. 58-1.)

Based on the evidence before the Court, no genuine issues of material fact remain regarding plaintiff's standing in this case. Plaintiff is not a party to the contract and therefore cannot assert a breach of contract claim against defendants. As such, plaintiff fails to demonstrate that it has suffered an injury in fact and therefore fails to meet the constitutional requirements of standing. Because plaintiff fails to meet the injury in fact requirement of Article III standing, this Court does not need to address the remaining elements of standing. *Meyers*, 843 F.3d at 729.

## II. Third Party Complaint

The third party complaint is dismissed. Third party plaintiffs assert that the Court has jurisdiction to hear the complaint pursuant to 28 U.S.C. § 1367, *i.e.* supplemental jurisdiction. Courts can decline to exercise supplemental jurisdiction over a claim if the "court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In granting defendants' motion for summary judgment, this Court dismisses all claims over which it had original jurisdiction. As such, this Court declines to hear the claims contained in the third party complaint.

## CONCLUSION

For the reasons set forth above, this Court grants defendants' motion for summary judgment [48]. Furthermore, the Court grants third party defendants' motion to dismiss [38] because the Court declines to exercise supplemental jurisdiction over the claims in the third party complaint. Civil case terminated.

**SO ORDERED.**                           **ENTERED: March 2, 2018**

**HON. JORGE ALONSO**
**United States District Judge**